STARLING LEWALLEN *v.* THE STATE.

EVIDENCE. — See the opinion for state of case in which the defendant should have been allowed to introduce evidence of the desperate character of the person assaulted, when drinking. Also, for a state of facts which will not support a verdict of conviction.

APPEAL from the County Court of Bell. Tried below before the Hon. E. WALKER, County Judge.

The opinion discloses the case.

*Boyd & Holman,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

ECTOR, P. J. The defendant, Starling Lewallen, was convicted of an assault upon the person of A. S. Lewallen.

It appears from the statement of facts that defendant and A. S. Lewallen met at the house of a Mr. Literal, on the night of the seventeenth day of November, 1877, in Bell County, where several others had also assembled. Defendant was suffering at the time from a rising on one of his arms, which he carried in a sling. A. S. Lewallen was drinking. A quarrel soon sprang up between him and defendant. Mr. Literal told them not to have any fuss in the house. Defendant went out of the house. A. S. Lewallen followed, telling defendant he could whip him. Defendant replied that he was not able to fight him, because he had a sore arm. A. S. Lewallen asked to see it. After feeling of it, he said it had a fever in it, and then struck defendant, who stooped down and picked up some rocks, several of which he threw at his assailant, one striking him on the head. Two of defendant's witnesses testified that A. S. Lewallen, after he got out of the house, had his knife drawn, and wanted to fight the defendant.

We are of opinion that the court below erred in not per-

mitting the defendant to prove the desperate character of A. S. Lewallen, when drinking. The testimony in question was admissible, in view of all the other proof as presented in this record.

The verdict of the jury is not supported by the evidence. The proof, we think, shows that A. S. Lewallen provoked the difficulty and committed the first assault, and that appellant acted in self-defence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*